Filed 12/2/22  P. v. Flitcroft CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CALEB JAMES FLITCROFT,<br><br>  Defendant and Appellant. | A164451<br><br>(Mendocino County<br>Super. Ct. No.<br>  SCUK-CRCR-05-68281-2) |

An indigent criminal defendant is entitled to his or her first appeal as of right.  (*In re Sade C.* (1996) 13 Cal.4th 952, 985–986.)  Here, we face the third appeal brought by defendant Caleb James Flitcroft.  In defendant's first appeal (No. A121091), we affirmed the judgment after a jury convicted him of second degree murder and attempted voluntary manslaughter and found true as to both offenses that he personally discharged a firearm.  He was sentenced to the maximum term of 40 years to life.

In defendant's second appeal (No. A158033), we affirmed a postconviction order denying his petition for recall and resentencing under former Penal Code[1] section 1170.95, which has since been renumbered to

---

[1] All statutory citations herein are to the Penal Code unless otherwise indicated.

section 1172.6[2] (hereinafter, first petition). We held as a matter of law that defendant was ineligible for relief under former section 1170.95 because he was the actual killer of the victim, his then girlfriend Brittany Syfert (hereinafter, Brittany).

Now, defendant appeals another postconviction order, this one denying his third petition[3] for recall and resentencing, under section 1172.6. After defendant filed his notice of appeal, appellate counsel appointed to represent him filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which he raised no issue for appeal and asked this court for an independent review of the record. (See *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).) Defendant subsequently exercised his right to file a supplemental brief in which he put forth many of the same arguments raised in his second appeal—to wit, that the trial court violated his statutory and constitutional rights by not appointing counsel to represent him for purposes of his petition, by not allowing him to present new evidence, and by summarily issuing a denial based on his record of conviction. In addition,

---

[2] This recall and resentencing provision was originally codified as section 1170.95. Following the California Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, the Legislature amended section 1170.95 to codify its holdings. (Stats. 2021, ch. 551, § 1, subd. (b), No. 5C Deering's Adv. Legis. Service, p. 507.) The next year, the Legislature renumbered the provision without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10, No. 2 Deering's Adv. Legis. Service, pp. 1023–1024.) Unless otherwise noted, we cite to the current version of the provision as codified in section 1172.6.

[3] Defendant filed a second petition for resentencing under former section 1170.95 while his second appeal was pending. The trial court denied it on the grounds that defendant's appeal from the denial of the first petition deprived the court of jurisdiction to recall his sentence, and even if it had jurisdiction, the petition was " 'summarily denied because the petitioner is not entitled to relief as matter of law.' "

defendant contends the trial court erred by finding that his claims were barred by the law of the case as established by this court in his second appeal.

For reasons discussed *post*, we conclude that *People v. Wende* review is not constitutionally required for defendant's present appeal because it is from a postconviction order denying sentencing relief. Nonetheless, whether *People v. Wende* review is required or not, we have considered defendant's supplemental brief and agree with counsel that no arguable issue exists on appeal.[4] Accordingly, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2007, a jury convicted defendant of second degree murder and attempted voluntary manslaughter, both enhanced for personal discharge of a firearm. These crimes occurred during a birthday party when defendant became enraged that his girlfriend Brittany was flirting with another guest, Rudy Flores. As set forth in our prior opinions, the evidence proved defendant exchanged blows with guests at Brittany's birthday party, stated he was through with her, and then went to his bedroom, where he retrieved a nine-millimeter semiautomatic handgun with 10 bullets in the clip. Defendant then walked quickly out of the house toward Brittany, who was standing about a foot from Rudy. When defendant was within about 10 feet of Brittany, he stopped, raised his gun, aimed, and fired numerous shots toward her and Rudy. Brittany was shot five times, in her back, chest, and arm, while one bullet grazed Rudy's side. Brittany ultimately died after

---

[4] As discussed *post* (p. 6), the propriety of considering a defendant's supplemental brief once counsel files a *People v. Wende* brief in the appeal of a postconviction order is pending before the California Supreme Court in *People v. Weisner* (2022) 77 Cal.App.5th 1072, 1076–1077, review granted July 13, 2022, S274617.

3

being taken to the hospital. (*People v. Flitcroft* (June 5, 2009, A121091) [nonpub. opn.] p. 5 (hereinafter, First Opinion).) Defendant was sentenced to the maximum term of 40 years to life for Brittany's murder and a concurrent three-year term for the attempted voluntary manslaughter of Rudy. In our First Opinion, in June 2009, we affirmed this judgment, and in August 2009, the California Supreme Court denied review.

In May 2019, defendant, representing himself, filed his first petition for recall of sentence and resentencing under former section 1170.95. Defendant attested that he was convicted of second degree murder under the felony murder rule or the natural and probable consequences doctrine and could not now be convicted of murder under the changes to section 188 that became effective January 1, 2019.

In June 2019, the trial court summarily denied the petition without appointing counsel to represent defendant. The court reasoned that defendant, as Brittany's actual killer, was ineligible for relief. Defendant appealed, and on February 1, 2021, we issued a nonpublished opinion affirming the court's order. (*People v. Flitcroft* (Feb. 1, 2021, A158033) [nonpub. opn.] (hereinafter, Second Opinion).) In our Second Opinion, we held "the record of conviction demonstrates that Flitcroft was the actual killer of Brittany and is ineligible for relief under section 1170.95 as a matter of law. There is no reasonable probability that Flitcroft's petition would have been granted if the trial court had appointed counsel, and any error in failing to appoint counsel was harmless." (*Id.* at p. 10.)

On January 3, 2022, defendant filed his third petition for recall and resentencing, under section 1172.6, that is the subject of this appeal. As before, he attested, inter alia, that he was convicted under "a theory of felony murder, murder under the natural and probable consequences doctrine or

4

other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," and that he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019. (See § 1172.6, subd. (a)(1)–(3).)

On January 7, 2022, the trial court summarily denied defendant's third petition. The court reasoned: "The law of the case doctrine precludes granting relief at this stage of these proceedings. 'Where an appellate court states in its opinion a principle of law necessary to the decision, that principle becomes law of the case and must be adhered to in all subsequent proceedings . . . under the doctrine of the law of the case, the case may *not* go over ground that has been covered before in an appellate court.' (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1506.) The Court of Appeal [in appeal No. A158033] has conclusively determined that as a matter of law, petitioner is not eligible for resentencing under Penal Code §1170.95 [now section 1172.6]. The law of the case doctrine therefore precludes a different result in response to the third petition."[5] This appeal followed.

## DISCUSSION

As mentioned, appointed counsel has identified no issue for review. While counsel asks this court to conduct a *People v. Wende* review, several courts have held *People v. Wende* review is constitutionally required only from a defendant's first appeal from a criminal conviction. Under this case law, *People v. Wende* review is not required from defendant's present appeal because it is from a *postconviction* order denying sentencing relief. (E.g.,

---

[5] We grant defendant's request for judicial notice of the record on appeal in case No. A158033.

*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief"]; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133, review den. May 12, 2021, S268011 (*Freeman*) [*People v. Wende* procedures inapplicable to appeal from an order revoking postrelease community supervision]; *People v. Flores* (2020) 54 Cal.App.5th 266, 273 [*People v. Wende* procedures inapplicable to appeal from denial of petition for resentencing under § 1172.6].)

Nonetheless, "[w]hen an appellant files a pro se supplemental brief in a *Wende* case, the appellate court must address the specific issues raised and, if they lack merit, explain why they fail." (*Freeman, supra*, 61 Cal.App.5th at p. 134.)  Some courts disagree with this approach.  For example, the Third District Court of Appeal recently held that because the defendant had no right to *People v. Wende* review of his appeal from a postconviction order, the court was left with a "standard" appeal that was abandoned once the defendant, through counsel, attested that there were no cognizable issues on appeal. (*People v. Weisner, supra*, 77 Cal.App.5th at pp. 1076–1077, rev.gr.)  As such, the court dismissed the appeal.  (*Id.* at p. 1079, rev.gr.)  The propriety of this holding will soon be decided by the California Supreme Court.  Meanwhile, we follow our First Appellate District colleagues in *Freeman* by considering the issues raised by defendant in supplemental briefing.  And, having done so, we affirm the trial court's denial of section 1172.6 relief as follows.

The trial court summarily denied defendant's third petition under the doctrine of the law of the case.  " ' "The rule of 'law of the case' generally precludes multiple appellate review of the same issue in a single case." ' " (*People v. Gray* (2005) 37 Cal.4th 168, 196 (*Gray*); see *People v. Stanley* (1995)

6

10 Cal.4th 764, 786 (*Stanley*).) "We will apply the law of the case doctrine where the point of law involved was necessary to the prior decision and was ' "actually presented and determined by the court." ' . . . Because the law of the case doctrine 'is merely one of procedure and does not go to the jurisdiction of the court [citations], the doctrine will not be adhered to where its application will result in an unjust decision, e.g., where there has been a "manifest misapplication of existing principles resulting in substantial injustice" [citation], or the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations [citation]. The unjust decision exception does not apply when there is a mere disagreement with the prior appellate determination.' (*Stanley, supra*, 10 Cal.4th at p. 787.)" (*Gray, supra*, 37 Cal.4th at p. 197.)[6]

In the Second Opinion, this court squarely addressed defendant's arguments that he made a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189 and that his statutory and/or constitutional rights were violated by the court's failure to permit him to present new evidence or to appoint counsel to represent him. Affirming, we resolved these issues against defendant, concluding "the record of conviction demonstrates that Flitcroft was the actual killer of Brittany and is ineligible for relief under section 1170.95 [now section 1172.6] as a matter of law. There is no reasonable probability that Flitcroft's petition would have been granted if the trial court had appointed counsel, and any error in failing to appoint counsel was harmless." (*People v. Flitcroft, supra*, A158033, at p. 10.) These legal issues were necessary to the Second Opinion and were

---

[6] Defendant does not argue the "unjust decision" exception is grounds for avoiding application of the law of the case doctrine.

7

" ' "actually presented and determined" ' " by this court. (*Gray, supra*, 37 Cal.4th at p. 197.)

Here, defendant does little more than reassert these same arguments. In addition, he points to Senate Bill No. 775 (2021–2022 Reg. Sess.), which made certain amendments to former section 1170.95 effective January 1, 2022.[7] (Stats. 2021, ch. 551, § 2, No. 5C Deering's Adv. Legis. Service, pp. 507–509.) However, these amendments do not impact the fatal flaw in defendant's efforts to obtain relief under section 1172.6. As the Second Opinion established, defendant, as the actual killer, is not eligible for relief as a matter of law. (See, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 59–60 ["Harden's record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that she was the actual killer. . . . The trial court, therefore, correctly denied her petition at the prima facie stage"].) Accordingly, under the doctrine of the law of the case, the trial court was correct to decline to revisit this holding. (*Stanley, supra*, 10 Cal.4th at p. 787; *Gray, supra*, 37 Cal.4th at p. 197.)

Having now ensured defendant received adequate and effective appellate review, we affirm the order. (*People v. Kelly, supra*, 40 Cal.4th at pp. 109, 112–113.)

---

[7] In enacting Senate Bill No. 775, the Legislature: (1) clarified that persons convicted of attempted murder or manslaughter under a theory of felony murder or the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories; (2) codified the holdings of *People v. Lewis, supra*, 11 Cal.5th 952, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case; (3) reaffirmed that the proper burden of proof at a resentencing hearing is proof beyond a reasonable doubt; and (4) addressed what evidence a court may consider at a resentencing hearing. (Stats. 2021, ch. 551, § 1, No. 5C Deering's Adv. Legis. Service, p. 507.)

## DISPOSITION

The trial court order denying defendant's third petition for recall and resentencing under section 1172.6 is affirmed.

_____
Jackson, P. J.

WE CONCUR:

_____
Burns, J.

_____
Wiseman, J.*

A164451/*People v. Caleb James Flitcroft*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.